### GLENVILLE (VIL.) v. ENGLEHART ET AL.

1. INCREASE OF PUBLIC FUND BELONGS TO MUNICIPAL CORPORATION.

   An increase, in any manner, of the funds of a municipal corporation entrusted to its treasurer, goes with the fund and belongs to the corporation.

2. TREASURER'S BOND LIABLE FOR INTEREST.

   A village treasurer's bond is liable for interest received by the treasurer on public money deposited in a bank, whether the deposit was made with or without the consent of the council.

**3. The Treasurer Does Not Act as an Individual.**

A transaction between a bank and the treasurer of a municipal corporation, in the deposit of public funds, is in no sense between the bank and the treasurer individually, but is between the bank and the municipality acting by its treasurer.

**4. No Express Prohibition Necessary.**

No express prohibition is necessary to prevent a treasurer from receiving, as his own, interest on public moneys; on the contrary, it would require express provision of the statute to entitle him to such fund.

**5. No Such Authority Implied from Exemption.**

Nor does the fact that by statute the treasurer is exempt from criminal liability for depositing funds of a village in a bank, confer upon him authority to contract for interest to be paid to him individually.

**6. Prohibition by Ordinance Fixing Compensation.**

A village treasurer's compensation having been fixed by ordinance prior to his official term, which ordinance also provided that no other compensation should be allowed, this alone precludes the allowance to such treasurer of interest as compensation for any services or for care of funds or liability for losses.

Error to the Court of Common Pleas of Cuyahoga county.

Hale, J.

The defendant in error, George H. Englehart, held the office of treasurer of the incorporated village of Glenville for a term of two years, ending April 20, 1898. While in office, he deposited the money of the village, coming into his hands as treasurer, with a bank under an arrangement by which he was to receive and did receive interest on the deposit so made. It is alleged that the total amount of interest, so received by him, was $3,700, which he refuses to pay over to his successor.

Action was brought upon his official bond to collect the amount withheld. A demurrer was sustained to the petition, and judgment rendered for the defendant in error.

The correctness of this ruling depends upon the ownership of the fund realized from the interest thus received. If this fund belongs to the village, the allegations of the petition are sufficient to constitute a cause of action in favor of the village against the treasurer.

After a review of the authorities and as careful consideration of the case as we are liable to give it, we have reached the conclusion that this belongs to the village.

The compensation of the treasurer of the village was fixed by ordinance prior to the commencement of the defendant's official term. This ordinance provided that no other compensation should be allowed the treasurer than the amount therein fixed. Certainly, then, the treasurer was not entitled to this fund as compensation for any services performed for the village or responsibility incurred for the care of its funds or liability for its loss. The transaction was, in no sense, between the bank and Englehart as an individual, but between the bank and the municipality acting by its treasurer. Englehart in this transaction performed no individual function whatever. He acted solely as an officer of the municipality, and in his official capacity he received into his custody as treasurer of the village moneys of the municipality. This money was received because it was public money, and received by him because he was a public official representing the municipality. He had no more right to use funds thus entrusted to his care, for his own private gain, than any other citizen of the village. Not owning the fund, he could

make no valid contract for its use as an individual, for his own profit. He could not use the fund of another entrusted to his custody, for his own private gain unless expressly authorized by statute to do so. No such authority can be found.

That the treasurer is not expressly forbidden. to receive interest upon deposits made by him, for his own individual profit and gain, does not meet the contention.

We hold that before such use can be made, it must be expressly authorized by statute. The rule is that such cannot be so valid; and no express prohibition is necessary to render such use wrongful; nor does the fact that by statute the treasurer is exempt from criminal liability for depositing funds of the village in bank, confer upon him authority to contract for interest to be paid him individually for the use of. such fund.

Under the authority conferred by sec. 1772, Rev. Stat., the treasurer, with the consent of council, could deposit the funds of the village in bank under an arrangement made between the council and the bank. It cannot be doubted that if a deposit is made by the treasurer as authorized by this section of the statute and in accordance with its terms, all interest contracted to be paid by the bank for the use of the money would belong to the municipality; and this is the only express authority given the treasurer to deposit in a bank.

In this case, the treasurer, without the consent of the council, deposited the funds of the municipality in a bank and received interest for its use. Interest, thus received by the treasurer, it is said, does not belong to the village but to the individual holding the office of treasurer of the village.

The proposition, then, must be : If the funds of the municipality in custody of its treasurer, are deposited in a bank with the consent of the council, and all interest accruing becomes the property of the municipality, if deposited without such consent, the interest received belongs to the individual holding the office of treasurer. If this proposition is so sound, the treasurer would, we assume, usually make deposits without asking the consent of the council. The proposition, however, is not sound. No such option is given the treasurer.

We do not agree with counsel that the ownership of this fund is' to be determined solely by the express provisions of the statute relating to this subject.

The relations between the village and the treasurer are regulated by statute, and the ownership of this fund is to be determined in view of that relationship and the relationship of both parties to the fund under the rules of law and equity applicable to the case. And we hold that the relationship of the treasurer to the municipality is such that any increase of the fund entrusted to his care in whatever manner caused by him, goes with the fund and belongs to the owner, the village.

Without extending the discussion further, we hold, that the court erred in sustaining the demurrer to the petition and in rendering judgment for the defendant in error, for which reason the judgment of the court of common pleas is reversed and the cause remanded.

*O. C. Pinney*, for plaintiff in error.

*Wilcox, Collister, Hogan & Parmely*, for defendants in error